```
                                    USDC SDNY
                                    DOCUMENT
                                    ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT        DOC #:
SOUTHERN DISTRICT OF NEW YORK       DATE FILED: 5/22/15
```

| | |
|---|---|
| STEPHANIE OVERTON, | ECF CASE |
| *Plaintiff*, | 15-CV-3927 (SAS) |
| -against- | **ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER** |
| ART FINANCE PARTNERS LLC, AF FUNDING LLC, KNICKERBOCKER FUNDING LLC, SKARSTEDT FINE ART, LTD., SKARSTEDT GALLERY, LTD., STEBICH RIDDER INTERNATIONAL, INC., DAVID TUNICK, INC., and SCOTT GERSON CONSERVATION LLC, | |
| *Defendants*. | |

Upon reading and filing the Declaration of John R. Cahill, dated May 22, 2015, submitted herewith, the exhibits thereto, the Memorandum of Law, dated May 22, 2015, and all papers and proceedings in this action, it is hereby

**ORDERED** that defendants Art Finance Partners LLC ("AFP"), AF Funding LLC ("AFF"), Knickerbocker Funding LLC ("Knickerbocker") (collectively, AFP, AFF, and Knickerbocker are referred to as the "Financing Companies"), Skarstedt Fine Art, Ltd. ("SFA"), Skarstedt Gallery, Ltd. ("SG") (together, SFA and SG are referred to as the "Skarstedt Entities"), ~~Stebich Ridder International, Inc. ("SRI")~~, David Tunick, Inc. ("Tunick") ~~and Scott Gerson Conservation LLC ("SGC") (collectively, "Defendants")~~, Show Cause at the United States Courthouse, 500 Pearl Street, New York, NY 10007, Courtroom 15C, on July 9, at 3:30 pm, or as soon thereafter as counsel can be heard, why this Court should not enter an Order (1) enjoining, prohibiting and restraining Defendants from selling, moving, releasing, or transferring any of unique works of fine art (the "Works") that were provided to TSI by

Plaintiff and which are identified in the Declaration of John R. Cahill, dated May 21, 2015; and (2) requiring Defendants to immediately produce all documents, pursuant to Fed. R. Civ. P. 26(d)(1), in their possession concerning the Works (including, but not limited to, documents sufficient to identify the current locations of the Works) and to appear for depositions pursuant to Fed. R. Civ. P. 30(a)(2) no later than June 30, 2015; and

**IT IS FURTHER ORDERED**, that, pending a hearing of this motion, Plaintiff's request, pursuant to CPLR § 7109, for a temporary restraining order to enjoin the Financing Companies from selling, moving, releasing, or transferring any of the Works, directly or indirectly, is **GRANTED**; and it is further

**IT IS FURTHER ORDERED** that service upon Defendants of a copy of this Order and of the papers upon which the same is based by FedEx overnight service on the Defendants' principal place of business as identified in Plaintiff's Complaint, or on the attorneys for Defendants if they have advised Plaintiff that they are represented by counsel, shall be deemed good and sufficient service; and

**IT IS FURTHER ORDERED** that papers from Defendants in response to this Order, if any, shall be served on Cahill Partners LLP, 70 West 40th Street, New York, New York 10018, counsel for Plaintiff, so that they are received no later than the close of business on ~~[struck through]~~ 2015. [crossed out]

**SO ORDERED:**

_____
U.S.D.J.

Security in the $ 50,000 will be posted by Plaintiff.

2