UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STEPHANIE OVERTON,                        :

                                   :        No.  15-CV-3927 (SAS)

               Plaintiff,        :

                                     :        ECF Case

                vs.        :

                                       :

ART FINANCE PARTNERS LLC, AF FUNDING :
LLC, KNICKERBOCKER FUNDING LLC,        :
CERULEAN ART LLC, and ANDREW ROSE,        :

                                     :

             Defendants.        :

                                     :

                                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ART FINANCE PARTNERS LLC, AF FUNDING :
LLC, KNICKERBOCKER FUNDING LLC,        :
CERULEAN ART LLC, and ANDREW ROSE,        :

                                     :

         Counterclaim Plaintiffs,        :

                                     :

                vs.        :

                                     :

STEPHANIE OVERTON,                        :

                                     :

         Counterclaim Defendant.:

                                     :

                                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## <u>DECLARATION OF CHRISTOPHER GREELEY</u>

**CHRISTOPHER GREELEY** declares the truth of the following under penalty of

perjury pursuant to 28 U.S.C. § 1746:

      1.      I am a member of the firm Herrick, Feinstein LLP, counsel to Defendant Cerulean

Art LLC. I submit this declaration in support of Defendants' Joint Motion for Partial Summary

Judgment.

      2.      Attached hereto as Exhibits are true and correct copies of the following

documents:

a.  Exhibit A is a true and correct copy of a collection of appraisal documents produced by Plaintiff and Defendants in this matter. This exhibit includes

    i.  Excerpts from OVERTON 00552 - 560 (Overton's Sotheby's appraisal);

    ii.  Excerpts from M 005346 - 5355 (Bank of America's Gurr John's appraisal).

b.  Exhibit B is a true and correct copy of a collection of news articles produced by Defendants in this matter. This exhibit includes:

    i.  M 006535 - 6537 (a February 2, 2015 New York Times article);

    ii.  M 006538 - 6542 (a January 22, 2015 Artnet article).

c.  Exhibit C is a true and correct copy of a collection of documents created and/or produced by Defendants in this matter. This exhibit includes:

    i.  Mr. Hoffman's September 3, 2015 letter to the Court;

    ii.  M 01142 (a December 8, 2014 email);

    iii.  M 001718 (an April 24, 2015 default notice to TSI regarding the Modigliani);

    iv.  M 002722 (a February 8, 2014 email regarding the Moore);

    v.  M 002907 - 2910 (an April 14, 2014 email regarding the shipping of the Moore);

    vi.  M 004861 (a December 1, 2014 email regarding the Wesselmann);

    vii.  M 005195 - 97 (a December 10, 2014 email from Sammons entitled "Invoice" attaching a redacted purchase invoice showing his purchase of the Picasso, Fontana and Chagall);

    viii.  M 005782 - 83 (a February 23, 205 email from Sammons to AFP attaching a payment demand in the amount of $600,000 for the Chagall).

d.  Exhibit D is a true and correct copy of a collection of documents produced by Defendants in this matter. This exhibit includes:

2

    i. Excerpts from M 001854 - 69 (the Loan and Security Agreement secured by the Chagall and Picasso);

    ii. Excerpts from M 003332 - 47 (the Loan and Security Agreement secured by the Wtewael);

e. Exhibit E is a true and correct copy of a collection of documents produced by, or otherwise within the possession of, Defendants in this matter. This exhibit includes:

    i. Excerpts from Knickerbocker's June 1, 2015 - June 30, 2015 Bank of America bank statement;

    ii. M 002145 - 47 and M 008664 (documents reflecting the $600,000 payments directed by Sammons after TSI's sale of the Chagall to Cerulean);

    iii. M 008804 - 09 (Knickerbocker loan runs through September 2015 showing updated figures on each loan extended to Sammons/TSI).

f. Exhibit F is a true and correct copy of a collection of documents produced by Plaintiff in this matter.

    i. OVERTON 00171 - 74 (A June 28, 2009 email from Overton to Sammons attaching an insurance valuation from Gow Langsford Gallery, refusing to put a value on the Modigliani "until it receives authentication from the Modigliani Foundation."

    ii. OVERTON 00285 (An April 1, 2014 email from Overton to Sammons in which Overton states she wants to sell the Chagall);

    iii. OVERTON 00335 (A December 2, 2014 email from Sammons to Overton in which Sammons discusses the issues in selling the Modigliani because it is not authenticated);

    iv. OVERTON 00341 (A March 22, 2015 email from Overton to Sammons in which Overton states she needs to "sell something soon.");

    v. OVERTON 00367 - 68 (A May 12, 2015 email from Sammons to Overton in which he reminds her that he contractual relationship is with his US company, and her reply of the same day in which she expresses "comfort" that the works are in the US);

vi.  OVERTON 00393 - 97 (Shipping documents showing the Wesselmann, Dufy, Chagall, Picasso and Fontana being shipped directly from the Jonathan Grant Galleries in New Zealand to TSI in the US);

vii.  OVERTON 00458 (A May 14, 2015 notice from the Art Loss Register to Overton acknowledging that she has just entered eight works in their system).

g.  Exhibit G is a true and correct copy of a collection of documents retrieved by the undersigned from the New York State Unified Court System's Electronic Filing System in Matter 150938/2014, pending in the New York County Supreme Court.

i.  A May 18, 2015 order dismissing the matter Wood v. TSI as abandoned;

ii.  The option agreement at issue in Wood which was filed as Docket Entry No. 7 (Exhibit C to the Declaration of Rupert Charles Bradshaw Ticehurst).

h.  Exhibit H is a true and correct copy of a two page document produced by Skarstedt bearing Bates Nos. SKAR0000001 - 2. ██████████████ ████████████████████████

i.  Exhibit I is a true and correct copy of a collection of documents produced by non-party Steven Galan and non-party Bank of America.

i.  The November 2, 2015 Declaration of Galan authenticating the records he produced in this matter;

ii.  The yearly Profit and Loss statement for TSI for 2012, 2013 and 2014;

iii.  An excerpt from the TSI HSBC bank statement for January 24, 2014 - February 11, 2014 (sent c/o Steven Galan CPA).

j.  Exhibit J is a true and correct copy of excerpts from the September 30, 2015 deposition of David Tunick.

k. Exhibit K is a true and correct copy of additional excerpts from the September 30, 2015 deposition of David Tunick.

l. Exhibit L is a true and correct copy of excerpts from the June 18, 2015 deposition of Stephanie Overton.

m. Exhibit M is a true and correct copy of excerpts from the October 13, 2015 deposition of Stephanie Overton.

n. Exhibit N is a true and correct copy of excerpts from the June 10, 2015 deposition of Andrew Rose.

o. Exhibit O is a true and correct copy of excerpts from the September 16 and 17, 2015 deposition of Andrew Rose.

3. I declare under penalty of perjury that the above is true and correct to the best of my knowledge.

Dated: December 4, 2015

Christopher Greeley

HF 10477652v.1