# CAHILL PARTNERS LLP

jcahill@CahillLawFirm.com

2015-December-17

**BY ECF**

Hon. Shira A. Scheindlin
United States District Court Judge
500 Pearl Street, Room 1620
New York, New York 10007

Re:   *Overton v. Art Finance Partners, et al.;* **15-CV-3927 (SAS)**

Dear Judge Scheindlin:

On behalf of plaintiff Stephanie Overton ("Plaintiff" or "Overton"), we write in response to the 2015-December-17 letter of Defendants' counsel objecting to Plaintiff's Reply Rule 56.1 Statement.

Plaintiff is surprised by Defendants objection as Plaintiff is not aware of any rule that prohibits the filing of a Reply 56.1 Statement in further support of a summary judgment motion and notes that the use of such reply statements is rather common in the Southern District. Indeed, this Court has routinely received and cited to such 56.1 replies in the past. *See, e.g., Jimenez v. City of New York*, No. 14 Civ. 2994 (SAS), 2015 WL 5638041, at *1 n.9 (S.D.N.Y. Sept. 24, 2015); *In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation*, 980 F.Supp.2d 425, 440 (S.D.N.Y. 2013); *TNS Media Research, LLC v. TRA Global, Inc.*, 977 F. Supp. 281, 298 n.58 (S.D.N.Y. 2013); *Medisim, Ltd. v. BestMed LLC*, 910 F. Supp. 2d 591, 627 n.223 (S.D.N.Y. 2012); *Williams v. Regus Mgmt. Group, LLC*, 836 F. Supp. 2d 159, 166 n.60 (S.D.N.Y. 2011); *Belair v. MGA Entertainment, Inc.*, 831 F. Supp. 2d 687, 690 n.4 (S.D.N.Y. 2011); *Floyd v. City of New York*, 813 F. Supp. 2d 457, 459 n.13 (S.D.N.Y. 2011); *Davis v. City of New York*, 812 F. Supp. 2d 333, 335 n.6 (S.D.N.Y. 2011).

Plaintiff respectfully submits that her Reply Rule 56.1 Statement should be accepted by the Court. Not only does it allow the Court to review Defendants' Responses directly below Plaintiff's individual Statements (largely the reason for the length of the document and a courtesy provided to Defendants in Plaintiff's Responses but not returned) but, for the reasons set forth in Exhibit X to the Cahill Declaration, allows the Court to put in context the validity of the various denials set forth by Defendants. Since the Defendants had the opportunity to submit such a reply 56.1 statement with their other reply papers and chose not to, Defendants should not now be allowed a second bite at the apple.

We appreciate the Court's consideration of this request.

Respectfully yours,

John R. Cahill